# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| NATIONWIDE INSURANCE COMPANY OF AMERICA, | ) ) |
| Plaintiff, | ) CASE NO. 23-CV-3203 ) ) |
| vs. | ) ) |
| STEVEN R. COUFAL | ) **COMPLAINT AND JURY DEMAND** ) |
| Defendant. | ) ) ) |

**COMES NOW** Plaintiff, Nationwide Insurance Company of America, through undersigned counsel, hereby complains as follows:

## JURISDICTION & VENUE

1. This Court has jurisdiction of this matter pursuant to Neb. Rev. Stat. § 25-403.01 as the Defendants committed the acts complained of within Lancaster County, Nebraska.

2. Venue in this judicial district is proper pursuant to Neb. Rev. Stat. § 25-403.01.

## PARTIES, JURISDICTION, AND VENUE

3. Plaintiff, Nationwide Insurance Company of America ("Nationwide"), is a corporation duly organized and existing under the laws of the State of Ohio with its principal place of business located at One Nationwide Gateway, Des Moines, Iowa 50391, and at all times material hereto was duly authorized to issue policies of property insurance in the State of Nebraska.

4. At all relevant times, Nationwide provided an insurance policy to Bryan and Rina Addleman insuring against damage to, and loss of use of, their real property located at 3403 S 40th St., Lincoln, Nebraska (the "Property"), and their personal property therein.

5. Upon information and belief, Defendant, Steven R. Coufal, is an individual who, at all relevant times, resided in the State of Nebraska.

6. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 because diversity exists between Plaintiff and Defendant and because the amount in controversy is greater than $75,000.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the events giving rise to the claims asserted herein occurred in the State of Nebraska and because Defendant resides in the State of Nebraska.

## GENERAL ALLEGATIONS

8. On or around November 28, 2021, while Mr. Coufal was operating his vehicle under the influence of alcohol, he lost control of the vehicle and collided with the Addleman's house at the Property (the "Incident").

9. On March 25, 2022, Mr. Coufal was found guilty of driving under the influence of alcohol in case no. 21C0011798.

10. As a result of the Incident, the Addlemans suffered extensive damage to, and loss of use of, their Property and their personal property therein.

11. The Addlemans thereafter made a claim to Nationwide pursuant to their insurance policy for their losses resulting from the Incident.

12. In response, Nationwide made payments to, or on behalf of, the Addlemans in an amount in excess of $100,000.

13. By virtue of its payments to the Addlemans, Nationwide is now legally, equitably, and contractually subrogated to the Addlemans' claims against any responsible third parties, including claims against Defendant.

## COUNT ONE – NEGLIGENCE

14. Plaintiff adopts and incorporates by reference its previous allegations.

15. At all relevant times, Defendant owed a duty to the Addlemans and the general public to operate his vehicle in a manner that did not pose an unreasonable risk of damage to the Addlemans' Property.

16. Defendant breached the aforementioned duty by operating his vehicle under the influence of alcohol and by losing control of his vehicle and causing it to collide with the Addlemans' house.

17. Defendant's negligent conduct directly and proximately caused the Incident and Plaintiff's damages, which are in excess of $100,000.

18. Plaintiff requests direct, special, and consequential damages in an amount to be determined at the time of trial.

## COUNT TWO – NEGLIGENCE PER SE

19. Plaintiff adopts and incorporates by reference its previous allegations.

20. At all relevant times, Defendant owed a duty to the Addlemans and the general public to operate his vehicle in a manner that did not pose an unreasonable risk of damage to the Addlemans' Property.

21. Defendant violated, and was found guilty of violating, Neb. Rev. Stat. Ann. § 60-6,196 for operating his vehicle under the influence of alcohol.

22. Defendant breached his duty of care by violating Neb. Rev. Stat. Ann. § 60-6,196 and is therefore negligent *per se*.

23. Defendant's negligence *per se* directly and proximately caused the Incident and Plaintiff's damages, which are in excess of $100,000.

24. Plaintiff requests direct, special, and consequential damages in an amount to be determined at the time of trial.

**WHEREFORE**, Plaintiff, Nationwide Insurance Company of America prays for judgment against Defendant, Steven R. Coufal, in an amount in excess of $100,000, together with pre-judgment interest thereon, costs and expenses, attorney fees, disbursements, and for such other and further relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

Dated this 30th day of October 2023.

NATIONWIDE INSURANCE COMPANY,

*s/Benjamin Migliorino*
Benjamin Migliorino
COZEN O'CONNOR
707 17th Street, Suite 3100
Denver, Colorado 80202
(720) 479-3900  Fax (720) 479-3890
bmigliorino@cozen.com